UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN LaROSE,
    *Petitioner*,

v.                        No. 3:15-cv-1422 (JAM)

EDWARD MALDONADO,
    *Respondent*.

**RULING DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Jose Pagan brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is serving a sentence of twenty years of imprisonment following his conviction in a Connecticut state court of multiple charges stemming from his sexual abuse of a child. He now raises several grounds to challenge his conviction, including that he received ineffective assistance of counsel both at trial and in his first state habeas proceeding, that the trial court made improper evidentiary determinations, that the trial court should have directed a verdict in his favor, and that the admission of evidence turned over by his wife violated his constitutional rights because she was an agent of the state. Because it is clear that petitioner's claims are unreviewable or that Connecticut state courts did not unreasonably apply federal law in rejecting them, I will deny the petition.

**BACKGROUND**

In June 2001, petitioner twice sexually abused a child. Once he forced her to perform oral sex on him, and then later that month he forced her to have vaginal intercourse with him. In December 2001, he offered to pay her $100 a month to have sex with him.

Petitioner was tried before a jury on two counts of first degree sexual assault and one count of second degree sexual assault. The jury convicted him on all charges. His conviction was

affirmed on direct appeal, *id.*, and he has filed multiple state petitions for writs of habeas corpus that have been denied. *See* Docs. #11-8, #11-10, #11-19. Petitioner has now filed the instant federal habeas corpus petition that raises several claims.

## DISCUSSION

Federal courts have very limited authority to overturn state court convictions. A state court defendant who seeks relief by way of a federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 must show that his state court conviction was rendered by means of a very clear violation of federal law—*i.e.*, that the state court's adjudication of his claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or that it "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2); *see also Chrysler v. Guiney*, 806 F.3d 104, 118 (2d Cir. 2015) (reviewing governing standard).

This is a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). As the Supreme Court has more recently explained, "[w]hen reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, 135 S. Ct 1372, 1376 (2015) (*per curiam*).

### *Ineffective Assistance of Counsel*

Petitioner first argues that he received constitutionally ineffective assistance of counsel both at trial and for his first habeas petition. I will consider this claim only as to his trial counsel, because petitioner did not have a constitutional right in the first instance to the representation of

counsel for his state habeas proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555-57 (1987).

A claim of ineffective assistance of counsel is reviewed in light of the well-established, two-part standard set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a defendant must show deficient performance—that counsel's conduct "fell below an objective standard of reasonableness" established by "prevailing professional norms"—and, second, a defendant must show that this deficient performance caused prejudice. *Id.* at 687–88.

As to the showing of deficient performance, "[j]udicial scrutiny of counsel's performance must be highly deferential," and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and that "the challenged action might be considered sound trial strategy." *Id.* at 689. As to the showing of prejudice, there must be a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The *Strickland* test itself is deferential to the strategic choices of counsel, and when a *Strickland* claim is presented by way of a state court prisoner's federal petition for writ of habeas corpus under 28 U.S.C. § 2254(d), a federal court's review of an ineffective assistance claim becomes "doubly deferential" to the determinations of trial counsel and the state courts. *See Woods*, 135 S. Ct. at 1376 (internal quotation marks and citation omitted).

Petitioner appears to raise two ineffective assistance claims. He does not make clear in his petition what the factual bases are for his claims beyond the bare statement that "[m]y lawyers failed to bring witness and documents forward during my trials and habeas petitions." Doc. #1 at 9. Based on the record at his state habeas hearings, he seems to argue principally that he received ineffective assistance because his lawyers failed to call as witnesses his brother,

3

Louis LaRose, and Jessica Ramirez, a friend of the victim's. According to petitioner, LaRose would have testified that when petitioner went to visit him over Christmas, it was not because he was fleeing the state. He also claims that Ramirez would have testified that she was at petitioner's house with the victim and two young men on the night of June 2.

Petitioner raised these claims in his state habeas cases, and both witnesses—La Rose and Ramirez—testified before the second habeas judge. The first habeas judge correctly identified the *Strickland* standard, and found that, even assuming for the sake of argument that the attorney's performance was deficient, there was no plausible prejudice to petitioner from the failure to call LaRose. Doc. #11-10 at 15-17. The second habeas judge, delivering an oral ruling, did not explicitly identify the *Strickland* standard, but his discussion of the issues—which concluded that the testimony would not have been helpful and that petitioner's habeas counsel had not acted deficiently—makes clear that he was appropriately applying the prongs of *Strickland* in rejecting petitioner's claims. My review of the record similarly confirms that the state judges made no unreasonable factual determinations in reaching these conclusions. I therefore conclude—in light of the highly deferential standard that applies to review of such claims—that the state courts did not unreasonably apply federal law in rejecting petitioner's ineffective assistance of counsel claims. Petitioner did not show that his attorney's performance was deficient under *Strickland*, much less that he suffered any unfair prejudice as a result.

### *Admission of Letters from Defendant*

Petitioner next contends that the trial court improperly admitted two letters he wrote on his computer into evidence under exceptions to the hearsay rule. It is clear from the record on appeal that petitioner's claims here are solely based on state evidentiary law. But "federal habeas corpus relief does not lie for errors of state law." *Swarthout v. Cooke*, 562 U.S. 216, 219

(2011) (*per curiam*); *see also Vega v. Walsh*, 669 F.3d 123, 126 (2d Cir. 2012) (*per curiam*) ("[S]tate trial court evidentiary rulings generally are not a basis for habeas relief."). Nor was the evidence here "so extremely unfair that its admission violate[d] 'fundamental conceptions of justice.'" *Dowling v. United States*, 493 U.S. 342, 352 (1990). Accordingly, there is no basis for relief on the grounds that the letters were admitted into evidence.

### *Directed Verdict*

Petitioner next asserts that the trial court erred in failing to direct a verdict of not guilty because there was no evidence that he was present when the crimes were allegedly committed. I understand petitioner here to raise a Fourteenth Amendment claim challenging the sufficiency of evidence to support conviction beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 318 (1979). With certain exceptions, a prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is that a petitioner have previously presented and fully exhausted his federal claims in the state courts. *Id.* § 2254(b)(1)(A); *Cullen,* 563 U.S. at 181; *see also Cotto v. Herbert,* 331 F.3d 217, 237 (2d Cir. 2003) (a petitioner must present "the essential factual and legal premises of his federal constitutional claim to the highest state court capable of reviewing it").

The state courts that heard his appeal and prior habeas petitions did not address the sufficiency of the evidence, and petitioner points to nothing else in the record that would suggest he raised this claim below. It therefore appears that this claim has not been exhausted in the state courts, and is thus unreviewable on a federal habeas petition.

Even assuming for the sake of argument that the claim was exhausted, it is also plainly meritless. Petitioner claims that the trial evidence clearly established dates of the alleged assaults different from those asserted by respondents, and that there was insufficient evidence that he was even present when the assaults took place. But "the relevant question is whether, after viewing

5

the evidence in the light most favorable to the prosecution, *any* trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319. The victim's testimony alone—much less the substantial corroborating evidence adduced by the prosecution—more than satisfies this standard. *See, e.g.*, Doc #11-25 at 28-30; 36-38. The victim gave sworn testimony at trial and unequivocally stated that petitioner raped her. It defies reason to suggest that no reasonable jury could have found this sufficient to support conviction.

Nor does the Constitution require the prosecution to establish the exact date that a crime occurred, provided that a defendant has adequate notice of the approximate date or date range when he is alleged to have committed the crime. *See Santilus v. Heath*, 2014 WL 5343817, at *3 (E.D.N.Y. 2014). In light of the deferential standard applied to review under § 2254, it is clear that petitioner has no basis for relief on insufficiency-of-evidence grounds.

### *Fourth Amendment*

Petitioner's final claim is that the trial court should have excluded any evidence against him that was turned over to the police by his wife. Petitioner alleges that his wife worked for the Connecticut Department of Children and Families, and was a mandatory reporter. He claims that this made her an "agent of or for the State" and that his constitutional rights were therefore violated when she turned over evidence in their house to the police. Doc. #14 at 2. I construe this claim to allege that the state violated his Fourth Amendment right against unreasonable searches and seizures.

It is well established that a federal court may not grant habeas corpus relief on the basis of a Fourth Amendment claim "where the State has provided an opportunity for full and fair litigation" of the claim. *See Stone v. Powell*, 428 U.S. 465, 482 (1976). A federal court can only review a Fourth Amendment claim brought in a habeas petition "(a) if the state has provided no

corrective procedures at all to redress the alleged fourth amendment violations; or (b) if the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." *Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992).

Here, there is no evidence either that the State failed to provide a corrective procedure or that there was any unconscionable breakdown in that procedure. Petitioner was able to challenge the admission of this evidence at trial, and then again on appeal and in his state habeas petitions.[1] Each time, the courts, after careful consideration of the issues, found his argument without merit. I therefore have no authority to review petitioner's claim with regard to the admission of evidence turned over to the police by petitioner's wife.

## CONCLUSION

For the foregoing reasons, the petition for habeas corpus relief (Doc. #1) is DENIED.

It is so ordered.

Dated at New Haven this 16th day of May 2016.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge

---

[1] In petitioner's first state habeas proceeding, this claim was styled as an ineffective assistance of counsel claim. *See* Doc. #11-8 at 4. For the sake of argument, I assume here that the claim is exhausted in light of petitioner's *pro se* status. If it were styled instead as an ineffective assistance counsel claim, I would also conclude that it was without merit in light of the first habeas court's reasonable application of *Strickland* to the relevant facts. *See id.* at 4-5.